| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:09-CR-37(1) |
| | § | |
| RONALD WAYNE RICHARD | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Ronald Wayne Richard's ("Richard") *pro se* Motion for Compassionate Release/Reduction (#216), which the court construes as a request to reconsider its July 31, 2020, Order (#215) denying his motion for compassionate release dated June 22, 2020 (#213).[1] United States Pretrial and Probation Services ("Probation") submitted an updated report, which again recommends the denial of Richard's motion. Having considered the pending motion, Probation's, the record, and the applicable law, the court is of the opinion that the motion should be denied.

The court denied the prior motion, in part, because Richard failed to exhaust his administrative remedies. In the instant motion, Richard demonstrates for the first time that he has exhausted his administrative remedies. Richard, however, relies on his previously disclosed medical conditions, which Probation notes are being treated and/or controlled by medication and the court found not to warrant early release; thus, there is no indication of a change in his medical status. Further, Probation's investigation revealed that according to Bureau of Prison records,

---

[1] "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Hall v. Briser*, No. 19-31041, 2020 WL 6266167, at *1 (5th Cir. Oct. 23, 2020); *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) ("filings of a *pro se* litigant are 'to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"); *Thorn v. McGary*, 684 F. App'x 430, 432 n.2 (5th Cir. 2017) ("We liberally construe briefs of pro se litigants.").

Richard once again tested negative for COVID-19 on August 6, 2020. As of November 10, 2020, the figures available at www.bop.gov list 3 inmates (out of a total inmate population of 906) at Federal Correctional Institution Oakdale I, located in Oakdale, Louisiana, as currently having confirmed positive cases of COVID-19 and 221 inmates who have recovered. Thus, it appears that the facility where Richard is housed is handling the outbreak appropriately and providing adequate medical care.

Richard also argues that he is "the only child" and primary caregiver for his mother and stepfather. Although the USSG acknowledges that extraordinary and compelling reasons may exist with respect to a defendant's family circumstances, it specifies the following qualifying conditions: (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii). According to Richard's Presentence Investigation Report ("PSR"), he has never been married and does not have any dependents. Therefore, incapacitation of his children's caregiver is not applicable, and he cannot claim he is the only available caregiver for a spouse or registered partner.

Instead, Richard cites a need to care for his ailing mother and stepfather[2] who both purportedly suffer from lung disease and require oxygen. This circumstance falls outside the scope of USSG § 1B1.13 cmt. n.1(C), which applies to minor children and registered partners.

---

[2] According to Richard's PSR "[w]hen the defendant was fourteen years old, his mother left [his stepfather] and took the defendant and his sister to live with her parents in Louisiana." Thus, it is unclear whether his mother and stepfather, mentioned in the PSR, are still together or his mother married another man.

2

*United States v. Jenkins*, No. CR 6:03-50, 2020 WL 5984401, at *3 (S.D. Tex. Oct. 6, 2020) (noting that "caring for a sick and/or aging parent is not a qualifying 'family circumstance' under U.S.S.G. § 1B1.13(1)(A)."); *United States v. Johnson*, No. 2:13-231, 2020 WL 3000500, at *2 (S.D. Tex. June 2, 2020) (holding unless the elderly parent is the caregiver of defendant's own minor children, an elderly parent is not covered under USSG § 1B1.13); *United States v. Gonzales*, No. SA-05-CR-561-XR, 2019 WL 5102742, at *3 (W.D. Tex. Oct. 10, 2019) (movant's desire to help his adult daughter and her mother and to become a caregiver for his elderly mother and mentally challenged sister do not present the type of "familial relations . . . covered by the Application Notes 1(C) or 1(D) to U.S.S.G. § 1B1.13.").  Hence, Richard fails to meet the requirements for family circumstances that establish extraordinary and compelling reasons.

In any event, Richard does not assert any novel legal arguments, present any new bases for relief, raise any substantial factual or legal issues warranting relief, show that he is receiving inadequate heath care at the federal correctional institution where he is housed, or demonstrate that he would not pose a risk to society, if released from prison.  Accordingly, Richard's Motion (#216) is DENIED.

SIGNED at Beaumont, Texas, this 10th day of November, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE